Roger S. Hayes, U.S. Atty. for the Southern District of New York, New York City (Suzanne Jaffe Bloom, Asst. U.S. Atty., of counsel), for U.S.

Robert M. Torres, pro se.

### Robert M. TORRES, Petitioner,

v.

### UNITED STATES of America.

### Nos. 93 Civ. 1179 (JES), 90 Cr. 204 (JES).

United States District Court,
S.D. New York.

Aug. 24, 1993.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner *pro se* Robert M. Torres moves for a one-level reduction of his offense level. For the reasons that follow, petitioner's motion is denied.

## DISCUSSION

Petitioner *pro se* brings a motion pursuant to 18 U.S.C. § 3582(c)(2) [1] seeking a one-level reduction of his offense level pursuant to section 3E1.1 of the Sentencing Guidelines, as amended on November 1, 1992, which allows a further reduction of one-level where, *inter alia,* a defendant "timely notif[ies] authorities of his intention to enter a plea of guilty...." *See* United States Sentencing Commission, *Guidelines Manual,* Appendix

---

1. 18 U.S.C. § 3582 provides in pertinent part:
   (c) *Modification of an imposed term of imprisonment.*—The court may not modify a term of imprisonment once it has been imposed except that—

   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been low-
   ered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
   18 U.S.C. § 3582(c)(2) (1988).

C, Amendment 459. Petitioner had pled guilty to a charge of narcotics conspiracy on June 27, 1990, and had received the benefit of a 2 level reduction for acceptance of responsibility at his sentencing on February 28, 1991.

A Sentencing Commission policy statement, at section 1B1.10, governs the retroactive application of amendments to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10, p.s. The amendment at issue here, Amendment 459, is not one of the eleven amendments listed in section 1B1.10 which are to be applied retroactively. *See* U.S.S.G. § 1B1.10(d), p.s. Since 18 U.S.C. § 3582(c)(2) expressly permits reduction of sentences only where consistent with policy statements issued by the Sentencing Commission, and section 1B1.10 expressly states that retroactive application of an amendment to the Sentencing Guidelines not listed in section 1B1.10 is not consistent with that policy statement, *see* U.S.S.G. § 1B1.10(a), p.s., the Court is constrained to deny the instant motion. *See United States v. Rodriguez*, 989 F.2d 583, 586–87 (2d Cir.1993); *accord United States v. Caceda*, 990 F.2d 707, 710 (2d Cir.1993).

### CONCLUSION

For the reasons stated above, petitioner's motion for a reduction of his offense level is denied. The Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED.**